UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

JANETTE OSTRANDER,                    )
                                      )
                      *Plaintiff*,    )
                                      )
        vs.                           )        No. 1:16-cv-01233-JMS-DKL
                                      )
HILL-ROM HOLDINGS, INC.               )
                                      )
                      *Defendant*.    )

## ORDER

Plaintiff Janette Ostrander brings the instant suit against Defendant Hill-Rom Holdings, Inc. ("Hill-Rom") for unpaid commissions pursuant to Indiana Code § 22-2-5-2. [Filing No. 1; Filing No. 7.] Presently pending before the Court is Hill-Rom's Motion to Dismiss Plaintiff's Amended Complaint. [Filing No. 14.] For the reasons stated below, the Court **DENIES** Hill-Rom's Motion to Dismiss.

## I.
### STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary, the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)).

A 12(b)(6) motion to dismiss asks whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). In reviewing the sufficiency of a complaint, the Court must accept all well-pled facts as true and draw all permissible inferences in

favor of the plaintiff. *See Active Disposal, Inc. v. City of Darien*, 635 F.3d 883, 886 (7th Cir. 2011). The Court will not accept legal conclusions or conclusory allegations as sufficient to state a claim for relief. *See McCauley v. City of Chicago*, 671 F.3d 611, 617 (7th Cir. 2011). Factual allegations must plausibly state an entitlement to relief "to a degree that rises above the speculative level." *Munson v. Gaetz*, 673 F.3d 630, 633 (7th Cir. 2012). This plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## II.
### BACKGROUND

The factual allegations in Ms. Ostrander's Amended Complaint, which the Court must accept as true at this time, are as follows:

Hill-Rom, a medical technologies manufacturer and provider, hired Ms. Ostrander as an Information Technology ("IT") Sales Executive on or about October 20, 2014. [Filing No. 7 at 2.] Ms. Ostrander earned commissions based on her sales, and Hill-Rom paid her commissions from each month at the end of the following month. [Filing No. 7 at 2.]

On April 30, 2015, Hill-Rom owed Ms. Ostrander $204,328.35 in sales commissions for her March 2015 sales, but refused to pay her. [Filing No. 7 at 3.] Between April 30, 2015 and September 2015, Ms. Ostrander demanded her March 2015 commissions, but Hill-Rom continued to refuse payment. [Filing No. 7 at 3.] Hill-Rom terminated Ms. Ostrander's employment on September 18, 2015. [Filing No. 7 at 3.] On December 11, 2015, Hill-Rom paid Ms. Ostrander $204,328.35 for the March 2015 commissions that she earned. [Filing No. 7 at 3.]

After having exhausted her administrative remedies with the Indiana Department of Labor, Ms. Ostrander initiated this litigation on May 18, 2016, [Filing No. 1], and filed the operative Amended Complaint on May 24, 2016, [Filing No. 7]. Ms. Ostrander argues that Hill-Rom owes

her $408,656.70 in liquidated damages for failure to pay her March 2015 commissions on April 30, 2016.  [Filing No. 7 at 4.]  In addition, Ms. Ostrander claims that she is entitled to receive a statutory penalty of $225 and attorney's fees and costs.  [Filing No. 7 at 4.]

### III.
#### DISCUSSION

Hill-Rom challenges Ms. Ostrander's Amended Complaint on two grounds: first, it argues that this Court lacks subject matter jurisdiction over Ms. Ostrander's claim under the Indiana Wage Payment Act ("IWPA"), [Filing No. 15 at 3]; second, she argues that Ms. Ostrander's claim under the Indiana Wage Claims Statute ("IWCS") fails because she only seeks liquidated damages under Ind. Code § 22-2-5-2, [Filing No. 15 at 6].  The Court will address the issues in turn.

**A.  IWPA Claim**

Hill-Rom argues that Ms. Ostrander's IWPA claim fails for lack of subject matter jurisdiction because Ms. Ostrander "did not suffer a harm identified" in the IWPA.  [Filing No. 15 at 4.]  Hill-Rom asserts that the IWPA governs wage payment for employees who voluntarily terminate their employment, while the IWCS governs wage payment for employees who were involuntarily terminated.  [Filing No. 15 at 3-4.]  Hill-Rom contends that because Ms. Ostrander was involuntarily terminated when she filed her complaint, her IWPA claim should be dismissed.  [Filing No. 15 at 4.]

In response, Ms. Ostrander argues that Hill-Rom's argument is "misleading" and that she has asserted a claim solely for damages under Ind. Code § 22-2-5-2.  [Filing No. 16 at 4.]  She claims that her "termination is only relevant to the determination of which statute and procedural framework applies to [her] claim for damages," and that both the IWPA and IWCS trigger the damages provision set forth under Ind. Code § 22-2-5-2.  [Filing No. 16 at 4-7.]

3

On reply, Hill-Rom claims that "Ostrander concedes, for the reasons set forth in Hill-Rom's opening brief, that she does not have a cognizable claim under the Indiana Wage Payment Act . . . so that claim is easily dismissed." [Filing No. 17 at 1.]

The IWPA applies to voluntarily terminated employees, while the IWCS applies to involuntarily terminated employees. *See Bragg v. Kittle's Home Furnishings, Inc.*, 52 N.E.3d 908, 914–15 (Ind. Ct. App. 2016)[1] (citing *Treat v. Tom Kelley Buick Pontiac GMC, Inc.*, 646 F.3d 487, 490 (7th Cir. 2011)). The claimant's employment status at the time he or she files the claim determines whether IWPA or IWCS is the appropriate avenue for relief. *Id.* at 915. "Under the [IWCS], claimants are entitled to recover liquidated damages and attorney fees as set forth in Ind. Code § 22-2-5-2, the same provision that allows for recovery under the [IWPA]." *Treat*, 646 F.3d at 490.

Ms. Ostrander's Amended Complaint does not set forth a cause of action under the IWPA. As a terminated employee, she alleges that she exhausted her administrative remedies through the Indiana Department of Labor as required by the IWCS. She does not seek to recover any wages from Hill-Rom since she was eventually paid her March 2015 commissions, but rather, she seeks liquidated damages and attorneys' fees and cites to Ind. Code § 22-2-5-2 as the appropriate remedial statute. Accordingly, because Ms. Ostrander does not seek to recover damages pursuant the IWPA, the Court denies Hill-Rom's motion to dismiss her claim.

**B. Ind. Code § 22-2-5-2**

Hill-Rom argues that Ms. Ostrander's IWCS claim for damages fails because she does not seek to recover any wages. [Filing No. 15 at 4.] It claims that the applicable damages provision,

---

[1] As a federal court sitting in diversity, the Court will apply state substantive law and federal procedural law. *Ritchie v. Glidden Co.,* 242 F.3d 713, 720 (7th Cir. 2001).

4

Ind. Code § 22-2-5-2, only allows claims for liquidated damages when a party seeks to recover wages. [Filing No. 15 at 6.] Hill-Rom claims that the amended version of Ind. Code § 22-2-5-2 applies to Ms. Ostrander's claim because she filed her complaint after the statute's effective date. [Filing No. 15 at 7.]

Ms. Ostrander responds that the pre-amended version of Ind. Code § 22-2-5-2 applies because her claim accrued before the amended statute's effective date, and the amended statute is not retroactive. [Filing No. 16 at 6-8.] She further claims that even if the amended Ind. Code § 22-2-5-2 applies, the statute does not bar her claim solely because she seeks liquidated damages. [Filing No. 16 at 9.]

On reply, Hill-Rom reiterates that the amended version of the statute applies because Ms. Ostrander's claim accrued after the effective date, and, alternatively, that the amended version applies retroactively. [Filing No. 17 at 2-3.]

The pre-amended version of Ind. Code § 22-2-5-2 provides that:

> Every such person, firm, corporation, limited liability company, or association who shall fail to make payment of wages to any such employee as provided in section 1 of this chapter shall, as liquidated damages for such failure, pay to such employee for each day that the amount due to him remains unpaid . . . and said damages may be recovered . . . and in any suit so brought to recover said wages or the liquidated damages for nonpayment thereof, or both, the court shall tax and assess as costs in said case a reasonable fee for the plaintiff's attorney or attorneys.

On July 1, 2015, the state legislature amended Ind. Code § 22-2-5-2, *see* 2015 Ind. Legis. Serv. P.L. 193-2015 (H.E.A. 1469), which provides in relevant part:

> Every such person, firm, corporation, limited liability company, or association who shall fail to make payment of wages to any such employee as provided in section 1 of this chapter shall be liable to the employee for the amount of unpaid wages. . . . In addition, if the court in any such suit determines that the person, firm, corporation, limited liability company, or association that failed to pay the employee as provided in section 1 of this chapter was not acting in good faith, the

court shall order, as liquidated damages for the failure to pay wages, that the employee be paid . . . .

The Court should dismiss a claim "when the factual allegations in the complaint, accepted as true, do not state a facially plausible claim for relief." *Hyson USA, Inc. v. Hyson 2U, Ltd.*, 821 F.3d 935, 939 (7th Cir. 2016). "Only when the plaintiff pleads itself out of court—that is, admits all the ingredients of an impenetrable defense—may a complaint that otherwise states a claim be dismissed under Rule 12(b)(6)." *Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004).

Despite the parties' extensive briefings on which version of Ind. Code § 22-2-5-2 applies—as well as the parties' respective statutory interpretations of both versions—the Court need not address these arguments at this stage of the litigation. Rather, the Court turns to the basic standards of a motion to dismiss for failure to a state claim and finds that Ms. Ostrander sufficiently pled that she has a claim for damages. At this stage, the Court must accept Ms. Ostrander's allegations in her Amended Complaint as true. Ms. Ostrander states that "Hill-Rom failed and refused to pay Ostrander the $204,328.35 that it owed to her on April 30, 2015. As a result, as of May 30, 2015, Hill-Rom owed Ostrander liquidated damages in the amount of $408,656.70 for its failure and refusal to timely pay commissions owed to her." [Filing No. 7 at 4.] The Court is not finding that Ms. Ostrander is indeed owed the damages that she seeks, but rather that the questions of when Ms. Ostrander's cause of action actually accrued, which version of Ind. Code § 22-2-5-2 applies, and whether the amended version applies retroactively are relevant questions to be determined when the record has been fully developed. As the Seventh Circuit Court of Appeals stated, "a prediction that the plaintiff will be unable to meet its challenges is not a good reason to dismiss a complaint under Rule 12(b)(6). If [the defendant] should make and support a motion for summary judgment under Fed.R.Civ.P. 56, then the district court could conduct the necessary analysis on an

6

evidentiary record." *Xechem*, 372 F.3d at 902.  Accordingly, the Court denies Hill-Rom's motion to dismiss Ms. Ostrander's claim for damages.

## IV.
### CONCLUSION

For the foregoing reasons, the Court **DENIES** Hill-Rom's Motion to Dismiss, [Filing No. 14], to the extent that it finds that Ms. Ostrander properly pleads a cause of action for damages pursuant to Ind. Code § 22-2-5-2.

Date: November 2, 2016

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Kimberly D. Jeselskis
JESELSKIS LAW OFFICES, LLC
kjeselskis@kdjlegal.com

Alan L. McLaughlin
LITTLER MENDELSON, P.C. (Indianapolis)
amclaughlin@littler.com

Emily L. Connor
LITTLER MENDELSON, P.C. (Indianapolis)
econnor@littler.com